DECISION
Plaintiff has appealed the value of his newly constructed home, identified as Account 01031243. The tax year at issue is 2007-08. Trial was held October 1, 2008. Plaintiff appeared on his own behalf. Defendant was represented by Fred Dodd, Appraisal Manager, Clackamas County Assessor's office.
 I. STATEMENT OF FACTS
The subject property is a 2,304 square foot single-family residence located on a 3.66 acre parcel, approximately 4.5 miles north of Molalla, Oregon. Plaintiff bought the land for $145,000 in September 2005, and then built his home, a three bedroom, two bathroom structure with an attached two car garage. The home was completed sometime in early 2007. The property is located on a busy street — Highway 213 — and sits roughly 100 yards away from the road. The parties agree that the home was 90 percent complete on the January 1, 2007, assessment date for the 2007-08 tax year.
Defendant placed a real market value (RMV) on the property of $490,714 at 90 percent complete, with $195,504 allocated to the land and $295,210 to the structure(s). Of that amount, Defendant determined that the RMV attributable to the construction in 2006 (i.e., new property, identified as "exception" value) was $221,550. Finally, Defendant calculated the maximum *Page 2 
assessed value (MAV) as $260,408. Because that number is less than the $490,714 RMV, Defendant set Plaintiff's assessed value (AV) at $260,408, as provided by applicable law.
Plaintiff appealed those values to the county board of property tax appeals (board), and the board reduced the RMV to $420,000, the exception RMV to $150,836, and the MAV and AV to $219,393. Plaintiff seeks a further reduction to $380,000 for the value of the property (RMV) as complete (as opposed to 90 percent complete). Defendant acknowledges that its original RMV of $490,000 was high and requests that the court uphold the board's values as set forth above.
 II. ANALYSIS
The primary issue in this case is the RMV of the subject property as of January 1, 2007. RMV is defined by statute as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS308.205.[1] The assessment date for the 2007-08 tax year was January 1, 2007.[2]
Plaintiff has the burden of proof and must establish his case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971).
Typically the three standard approaches to value — sales comparison, cost, and income — are considered in the valuation of a given property, even if one or more of those approaches cannot be applied. See e.g. OAR 150-308.205-(A)(2)(a). *Page 3 
Plaintiff submitted a residential appraisal report which estimated the value of his property as of March 3, 2007, to be $380,000 at 100 percent complete. (Ptf's Compl at 4 through 6.) Defendant's appraiser submitted a "Comparable Sales Adjustment Table," that estimated the value of the subject property to be $420,000 at 90 percent complete. (Def's Ex B.) Although Plaintiff, by statute, bears the initial burden of proof, the standard is a "preponderance" of the evidence, and, as explained above, that standard requires the court to make a decision based on the more convincing evidence. If Plaintiff failed on the burden of production (i.e., failed to introduce enough evidence to reasonably suggest any error in the value of the property), Plaintiff would lose regardless of Defendant's evidence, or lack thereof. That is not the situation in the present case. Moreover, in an appeal involving a determination of RMV, "the court has jurisdiction to determine the real market value or correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties." ORS 305.412.
Plaintiff's appraiser considered the three standard approaches to value, as required by the administrative rule addressed above. The income approach was rejected "due to lack of adequate data." (Ptf's Compl at 4.) The appraiser's value estimate under the sales comparison approach was $380,000. Id. The estimate under the cost approach was $370,932, with $165,000 allocated to the land (including site improvements) and $205,932 to the improvements. The report includes detailed explanations of the source and selection of the data used, and adjustments made. The three sales used by Plaintiff's appraiser in the sales comparison approach occurred within the six-month period immediately preceding the January 1, 2007, assessment date (one in July and two in November of 2006). Sales in that range (the six months or so prior to the applicable assessment date) are preferred because they represent information known to the general public who might be considering buying the subject property on the given assessment *Page 4 
date. The appraiser made adjustments for differences in acreage, quality of construction, condition, square footage, functional utility, and amenities. The appraiser did not testify at trial.
One of the sales in Plaintiff's appraiser's report (sale #2) was also included in Defendant's comparable sales table (sale #5). Plaintiff's appraiser reports the sale of that property on July 27, 2006, for $330,000. After making various adjustments, the appraiser estimates the value of the subject, based on that sale, to be $367,200. Defendant's appraiser reports the sale of that property in November 2006 for $357,450. He estimates the subject's value from that sale, after adjustments, to be $415,240, at 90 percent complete. All of Defendant's sales are adjusted for differences between those properties and the subject. However, the appraiser did not explain his adjustments at trial.
Plaintiff, who did testify, presented four sales, three of which he addressed at trial. One of those sales, Plaintiff's Exhibit 2, was included in Defendant's comparable sales adjustment table as comparable #3. (Def's Ex B.) Plaintiff, who is not an appraiser, did not make any adjustments to his comparable sales, but did note differences between those properties and his own home. The parties' common comparable (Ptf's sale #2; Def's #3; 24584 Keirsey, Map 42E02 00707) sold in September 2007 for $399,000. Plaintiff testified that the home is larger and "off the beaten path." Defendant, in its report, made various adjustments for differences between that property and the subject, and arrived at an estimated value for the subject, based on that one sale, of $352,600, including a $21,000 discount to adjust for the fact that the subject was only 90 percent complete on the applicable assessment date. (Def's Ex B.) *Page 5 
Looking further at Defendant's report, the appraiser only utilized the sales comparison approach. His sales grid analyzes five sales, three of which occurred more than six months after the assessment date (sales 1, 2, and 3). Generally speaking, post-assessment date sales are disfavored by the courts because they represent information unknown to prospective purchasers on the applicable assessment date. Rejecting the lowest and highest value estimates, Defendant notes that the range in value between the three remaining sales is between $415,240 and $433,380. From that, he concludes that the value of the subject is $420,000 as of January 1, 2007, at 90 percent complete. (Def's Exs A, B.)
 III. CONCLUSION
After carefully evaluating the evidence, the court concludes that the value of the subject property, as completed, was $400,000. The court accepts the land RMV sustained by the board at $195,504, which leaves $204,496 as the completed improvement RMV. Because the home was only 90 percent complete on the January 1, 2007, assessment date, the improvement RMV as of that date was $184,046. The exception RMV was therefore $110,386 as of January 1, 2007 (2007-08 tax year).[3] The court does not have sufficient information to determine the MAV and AV. Defendant will have to calculate those values based on the court's other value determinations as set forth herein. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's request for a reduction in value is granted commensurate with the values set forth above. *Page 6 
IT IS FURTHER DECIDED that Defendant will recalculate MAV and AV based on the
RMV and exception RMV found by the court and set forth above.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 18,2009. The Court filed and entered this document on February 18, 2009.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2005.
[2] In Oregon, the "assessment year" is a calendar year, and the "tax year" is a 12 month period beginning on July 1 each year. ORS308.007(1)(b), (c). The annual "assessment date" is January 1, per ORS308.007(1)(a) and ORS 308.210, and corresponds to the tax year beginning six months later on July 1. ORS 308.007(2). Thus, for the 2007-08 tax year, the assessment date was January 1, 2007, the tax year began on July 1, 2007, and ended 12 months later on June 30, 2008.
[3] The court notes that the board reduced the overall RMV of Plaintiff's property by $70,714, and all of that reduction came off the "Structures." The board then reduced the exception RMV by that same amount (from $221,550 to $150,836). The board must therefore have understood all of the exception RMV to be attributable to the home. The court has applied the same logic, further reducing the exception RMV by the amount by which it is reducing the RMV of Plaintiff's structures ($40,450). *Page 1